IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KAZEM N. Z.,[1]　　　　　　　§
　　　Petitioner,　　　　　　　§
　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　§　　　CIVIL ACTION NO. 1:26-cv-126
　　　　　　　　　　　　　　　§
MICHAEL BARRON, *et al.,*　　§
*in their official capacities*,　　§
　　　Respondents.　　　　　　§

## REPORT AND RECOMMENDATION
## TO GRANT PETITIONER'S HABEAS PETITION

Before the Court is Petitioner's "Emergency Amended Petition for Writ of Habeas Corpus" (Dkt. No. 11) ("Petition"), Respondents' "Response to Amended Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 15) ("MSJ"), and Petitioner's "Reply to Government's Response and Motion for Summary Judgment" (Dkt. No. 16) ("Reply"). Because the Petitioner advances a viable claim for release under *Zadvydas v. Davis*, 533 U.S. 678 (2001),[2] it is recommended that the Court grant the Petition (Dkt. No. 11).

To gain relief under *Zadvydas*, a petitioner must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. For the reviewing habeas court, the point of this inquiry is to assess how long "detention" can remain "reasonably necessary to secure removal" and advance the "statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. If, as the petitioner aims to establish, "removal is not reasonably foreseeable," *id.*, detention is no longer "reasonably necessary" for removal; the detention, having lost its "reasonable relation" to its statutory "purpose," *id.* at 690, is no longer

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Because this is a sufficient ground for awarding release, this report declines to assess Petitioner's other claims.

authorized under § 1231, *id.* at 699; and the petitioner should be released, *see id.* at 700.

Petitioner has met his burden. He has established that he is a citizen of Iran, Dkt. No. 11 at 38; *see also* Dkt. No. 15-1 at 1, subject to an order withholding his removal to Iran, *see* Dkt. No. 11 at 34; *see also* Dkt. No. 15 at 3. He has established that his order of removal became final on July 30, 2025, and that his detention under § 1231 has thus lasted nearly nine months. Dkt. No. 11 at 37; *see also* Dkt. No. 15 at 3. And he has indicated that, with Iran off the table, Respondents have not communicated with him about any viable third countries to which he may be removed. Dkt. No. 11 at 38-9. Given the extensive length of his detention,[3] the absence of any indication of a viable removal in the near future, and the current impossibility of removing him to his home country, Petitioner has made his required showing.

Respondents fail to rebut Petitioner's claim. At its core, Respondents' substantive argument is that "the Enforcement and Removal Operation Office…is actively taking steps to remove Petitioner by seeking third country removal," Dkt. No. 15 at 6, including by seeking removal to Canada (declined), *id.*, Costa Rica (declined), *id.*, Panama (outstanding since October 11, 2025), Dkt. No. 15-1 at 2, Honduras (outstanding since March 7, 2026), *id.*, and Equatorial Guinea (outstanding since March 7, 2026), *id.* This is not, to this court's eye, sufficient to rebut a *Zadvydas* claim. The *Zadvydas* inquiry is not about effort; it is about probability of an event (removal) within a reasonable time. *See Zadvydas*, 533 U.S. at 702. At nearly nine months, *see* Dkt. No. 15 at 3, Petitioner's removal still does not look likely,

---

[3] *Zadvydas* saw, in "indefinite detention," a "serious constitutional problem," *id.* at 690, and it effectively limited the chance that its standard would allow for such detention through two principles relevant to this report, *id.* at 701-02. First, the Court emphasized that the government's good faith efforts to remove a petitioner are not, in themselves, sufficient to establish a significant likelihood of removal. *See id.* at 702. To depend so heavily on such a fact would, in the Court's description, effectively concede to an altogether different standard—one that would "require an alien seeking release to show the absence of *any* prospect of removal…which demands more than our reading of the statute can bear." *Id.* Second, the "reasonably foreseeable future," the window in which petitioner must show removal is not significantly likely, is held to "shrink" the longer petitioner is detained. *Id.* at 701. Time, in this sense, continuously eases petitioner's burden, and "reasonably foreseeable" increasingly means something like imminent. *Id.* The *Zadvydas* inquiry, then, functionally turns more suspicious of detention as it goes on—even if the government is vigorously pursuing the detainee's removal, *see id.* at 702, and even as removal may remain technically plausible, *see id.* at 701.

and nothing Respondents have provided suggests there any viable next steps. If anything, their recitation of their attempts at third-country removal only bolsters Petitioner's claim: if, in their best attempts, the Respondents have been left spinning their wheels, it stands to reason that Petitioner's removal is, and will continue to be, inherently difficult—which is to say, unlikely. *See, e.g.*, *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 707 (W.D. Tex. 2025).

It is thus recommended that the Court (1) **GRANT** the Petition (Dkt. No. 11), (2) **DENY** the MSJ (Dkt. No. 15), (3) **ORDER** Respondents to release Petitioner subject to supervision and, three weeks after this order, provide a status update verifying such release, and (4) **DIRECT** the Clerk of Court to close this case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.,* 875 F.3d 243, 248 (5th Cir. 2017).

Signed on April 22, 2026.

Karen Betancourt
United States Magistrate Judge